## PALACE REALTY CO v TAX COMM

Ohio Appeals, 7th Dist, Mahoning Co

No 2468. Decided April 8, 1938

J. C. Horton, Youngstown, for appellee.

Herbert Duffy, Attorney General, Columbus, William J. Ford, Columbus, William A. Ambrose, Youngstown, and Andrew Johnson, for appellant.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.

## OPINION

By MONTGOMERY, PJ.

On September 1, 1924, the Palace Realty Company executed a note to the New York Life Insurance Company in the sum of $600,000, which by the year 1936 had been reduced to the sum of $520,000. Interest had been paid on this note to March 1st, 1933, but no interest was paid thereon thereafter up to the time that the company made its tax return for the year 1936. In making this return the company deducted and claimed as a credit the accrued and unpaid interest on this note from March 1st, 1933, until January 1st, 1936, a total of $72,459.92. The Tax Commission disallowed this credit and made a finding against the Palace Realty Company for the amount which would be realized thereon if the same were taxable, to-wit, the sum of $170.75.

The only question before the Common Pleas Court, and before this court upon review, is the proper construction in this connection of §5327 GC, which section reads as follows:

"'Credits,' 'current accounts,' 'prepaid items' defined.

"The term 'credits' as so used, means the excess of the sum of all current accounts receivable and prepaid items used in business when added together estimating every such account and item at its true value in money, over and above the sum of current accounts payable of the business, other than taxes and assessments. 'Current accounts' includes items receivable or payable on demand or within one year from the date of inception, however evidenced. 'Prepaid items' does not include tangible property. In making up the sum of such current accounts payable there shall not be taken into account an acknowledgment of indebtedness, unless founded on some consideration actually received and believed at the time of making such acknowledgment to be a full consideration thereof; nor an acknowledgment for the purpose of diminishing the amount of credits to be listed for taxation."

To be specific, the sentence of this section to be construed in this action is that sentence which reads: "'Current account' includes items receivable or payable on demand within one year from the date of inception, however evidenced."

It is the contention of the appellant that this term "within one year from the date of inception" applies to the original obligation, to-wit, the note of September 1, 1924, and that because of that fact the appellee is not entitled to the deduction. This proposition seems to us altogether untenable. Interest on the principal debt is certainly not a debt or part of a debt until the interest becomes due or payable. The original note or obligation for the payment of money had its inception on September 1st, 1924. These interest charges certainly could not and did not have their inception until the time that they did become due and payable. The interest and each payable item thereof constitutes a separate liability, distinguishable from the original obligation.

It is possible, of course, that the original obligation might have been paid at once and no interest thereon have ever accrued. Interest can become due or payable only after the start of the interest bearing period.

We find no authority reported. We do not find that this statute has ever been construed in this particular. It seems to us, however, that the construction that we have herein placed upon it, is the only possible and reasonable construction. It follows, therefore, that the judgment of the Court of Common Pleas will be, and it is, affirmed.

SHERICK and LEMERT, JJ, concur.